IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD HELMS SR.,**  *Petitioner,*  v.  **MARK GARMAN, et al.,**  *Respondent.* | Case No. 5:19-cv-3264-JDW |

## MEMORANDUM

Richard Helms has filed a number of objections to the Report and Recommendation that Magistrate Judge David Strawbridge issued on April 8, 2020. The Court will adopt Judge Strawbridge's R&R because, after review, the Court concludes that it correctly identifies the issues that Mr. Helms' petition for habeas corpus raises, it identifies the correct standard, and it applies the facts to the law correctly. The Court addresses each of Mr. Helms' objections below:

*Objection No. 1 (ECF No. 12 ¶¶ 2-4):* Mr. Helms complains about the R&R's recitation of the procedural history before state courts. These objections do not bear on any of the four grounds that Mr. Helms asserts in his petition. Nor is there anything in the record suggesting that any of the factual differences that Mr. Helms raises implicated any constitutional right. The Court overrules this objection.

*Objection No. 4 (ECF No. 12 ¶¶ 5-6)*: Mr. Helms reiterates his claim that his trial counsel was ineffective because he failed to object to perjured testimony from K.W., a minor who claimed that Mr. Helms sexually abused her. (ECF No. 1 at 5.) The Superior Court ruled that Mr. Helms waived this argument because he did not comply with Pennsylvania Rule of Appellate Procedure 2119, which requires "discussion and citation of authorities" and "reference to the place in the

record where the matter referred to appears" when making an argument premised on the record. Pa.R.A.P. 2119. As Judge Strawbridge concluded, the Superior Court based its decision on an adequate and independent state law ground. Under those circumstances, a federal court has no power to grant habeas relief. *See Walker v. Martin*, 562 U.S. 307, 315 (2011) (district court should not review habeas claim if state court's decision rests on a state law ground that is independent of the federal question). Mr. Helms contends that he did not violate Rule 2112. But Pennsylvania courts have construed the rule to require that arguments cite to the record and to legal authority. *See Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012). In any event, this Court has no basis to second-guess the Superior Court's application of a Pennsylvania Rule of Appellate Procedure. The Court overrules this objection.

*Objection No. 3 (ECF No. 12 ¶¶ 7-9)*: Mr. Helms makes several objections to Judge Strawbridge's findings concerning his counsel's failure to object to the use of photographs of his trailer at his trial. The Superior Court held that these photos did not prejudice Mr. Helms because "[t]here was more than sufficient evidence … to convict" Helms. (ECF No. 9-21 at 32.) Witness testimony described the same scene that the photos depicted, and such scene-setting was not a critical element to prove his guilt. (*Id.*) Therefore, the Superior Court held there is not a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *(Id.)*

To show that his trial counsel acted unreasonably, Mr. Helms must show, among other things, that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Mr. Helms can only obtain relief here if he shows that the Superior Court's decision was an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). Judge Strawbridge concluded

that the Superior Court's decision did not meet this standard, and this Court agrees. Mr. Helms has not shown that the outcome of his trial would have been different without the pictures in question. Although he claims that the prejudice comes from the warrantless search of his trailer, he has not explained how that search caused him prejudice. The fact of a violation is not enough on its own. The Court overrules this objection.

*Objection No. 4 (ECF No. 12 ¶¶ 10-11)*: Mr. Helms complains that the Commonwealth did not turn over photographs of his trailer and that they would have demonstrated that his trailer's layout was "completely different from testimony." (ECF No. 1 at 13). As Judge Strawbridge explained in the R&R, the Superior Court correctly stated the standard and then applied the law to the facts to conclude that the layout of Mr. Helms's trailer was not material to his innocence or guilt and that the layout of his trailer was not likely to change the outcome of the trial. Because the Superior Court reasonably concluded that the Commonwealth did not have a constitutional obligation to turn over the photographs of Mr. Helms's trailer, its rejection of Mr. Helms's ineffective assistance of counsel claim was not unreasonable. The Court overrules this objection.

*Fifth Objection (ECF No. 12 ¶¶ 12)*: Mr. Helms claims that his counsel was ineffective for failing to introduce medical testimony to corroborate testimony from Mr. Helms and his fiancée. The Superior Court considered his arguments under the correct standard. It considered trial counsel's performance against an objective standard of reasonableness and whether any unprofessional errors might have resulted in a different outcome. *See Strickland*, 466 U.S. at 687-89. As Judge Strawbridge concluded, nothing in the record suggests that the Superior Court's approach was unreasonable. Mr. Helms does not contend otherwise. Instead, he asks the Court to "read the medical report, and come to their own conclusion." (ECF No. 12 at 17.) But the Court

does not conduct a *de novo* review of Mr. Helms's habeas case. It determines only whether the state courts unreasonably applied federal law. They did not. So the Court overrules this objection.

Pursuant to United States Court of Appeals for the Third Circuit Local Rule 22.2, at the time a district court issues a final order denying a habeas petition, the district judge must determine whether a Certificate of Appealability should issue. Judge Strawbridge recommends that the Court deny a certificate of appealability. The Court agrees with and adopts Judge Strawbridge's analysis.

## CONCLUSION

While Mr. Helms might disapprove of how counsel defended him at trial, he has not shown that the Pennsylvania courts unreasonably applied federal law in considering any of his claims. The Court will therefore adopt Judge Strawbridge's R&R and overrule Mr. Helms's objections. The Court will also not enter a Certificate of Appealability. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 19, 2020